For meaning of Abbreviations, See Ternary Digest, page XII.

## No. 775

### WATKINS CO. v. HARTZELL et

#### No. 19984.  Supreme Court

On motion to certify.  Dock. July 16, 1926; 4 Abs. 493.

1140.  SURETYSHIP—Where a surety signs a contract thereby guaranteeing payment for merchandise received under said contract, in a suit on account, may said surety introduce parole evidence to qualify said contract?

This action was brought originally in the Darke Common Pleas upon an account between The J. R. Watkins Company and one Wenger wherein was provided terms and conditions of the company.

Two sureties signed the agreement which contained in part the following:

"We, the undersigned sureties, do hereby - - - - jointly, severally, and unconditionally promise and guarantee the full and complete payment of said indebtedness - - - -".

The judgment of the Common Pleas in favor of the company upon a directed verdict was reversed by the Court of Appeals for certain errors.

The Company in the Supreme Court contends:

1.  That the sureties cannot introduce parole evidence to qualify or limit the contract.

2.  That dmeurrers to the separate defenses set up by the sureties should have been sustained.

Attorneys—Myers & Myers and J. K. Brumbaugh, for Company; Mannix, Crawford & Billingsley, for Hartzell; all of Greenville.

## No. 776

### SCHICKLING v. POST PUBLISHING CO.

#### No. 19951.  Supreme Court

Certified for Review.  Dock. July 5, 1926; 4 Abs. 475.

1235.  VERDICT—Where the uncontradicted evidence discloses that the party causing injury by the negligent operation of an automobile was an independent contractor and not an employee of the defendant, should the court direct a verdict in favor of said defendant?

This action was brought originally by Joseph Schickling an infant against the Post Publishing Company in the Hamilton Common Pleas for damages sustained for personal injuries.

It appears that the driver of an automobile struck and ran over Schickling.  The defense was that the party driving the automobile was an independent contractor.

The judgment of the Common Pleas in favor of Schickling was reversed by the Court of Appeals for error in the Common Pleas refusing to direct a verdict, on the ground that the evidence disclosed that the driver of the automobile was an independent contractor.

Schickling in the Supreme Court contends:

1.  That the relationship of master and servant existed.

2.  That the Post Publishing Co. was the employer of the driver of the automobile and therefore liable for damages.

Attorneys—A. Pfau, for Schickling; Harmon, Colston, Goldsmith & Hoadly, for Company; all of Cincinnati.